**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

<u>Kimberly Crosson (Howes)</u>

   v.                                                        Case No. 25-cv-134-SM-AJ

<u>George Mavroforos</u>

**REPORT AND RECOMMENDATION**

Self-represented plaintiff Kimberly Crosson (Howes), proceeding in forma pauperis, filed a Complaint against her former employer, George Mavroforos — in his capacity as owner, manager, and supervisor of Cosmos Restaurant — for various personal injuries that occurred while Ms. Crosson was working at Cosmos.[1] Doc. No. 1. The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Preliminary Review Standard**

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine whether the plaintiff has asserted any non-frivolous claim upon which relief might be granted, seeks monetary relief from any defendant who is immune, or fails to invoke this court's jurisdiction. See 28 U.S.C. §

---

[1] Ms. Crosson states George Mavroforos was also doing business as "Amesbury Pizza," but the facts alleged occurred at Cosmos Restaurant.

1915(e)(2); LR 4.3(d)(2). Where the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed," the court may, sua sponte, dismiss the case. Cox v. Rushie, No. 13-11308-PBS, 2013 U.S. Dist. LEXIS 86794, at *14, 2013 WL 3197655 at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)); see also Wilkinson v. Sec'y, Fla. Dep't of Corr., 622 F. App'x 805, 809 (11th Cir. Fla. 2015). The court construes the pleadings of pro se parties liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Background

The Complaint describes events that occurred at Cosmos and involve Defendant. Specifically, Ms. Crosson alleges that, while working at Cosmos, Defendant harassed and caused her various personal injuries, as well as failed to report her as an employee to the Internal Revenue Service. Ms. Crosson further alleges that Defendant committed actions that do not appear to have been directed toward Ms. Crosson, including that Defendant allowed unpaid labor, claimed that he had the ability to cause someone a heart attack, and lied to a health inspector.

As a result of Defendant's actions, Ms. Crosson states she felt forced to quit in March 2025 and was subsequently denied pay. She also states she has experienced a "lack of interest in

daily activity, decrease in appetite, unwarranted feelings of fear for [her] life," fear of "financial hardship[]" resulting from the lack of income, an upsetting of her implanted medical device for her heart, and other physical symptoms, all in violation of her rights.  Doc. No. 1 at 5.

Ms. Crosson provides the same Massachusetts address for Cosmos as the Defendant: 136 Rabbit Road, Salisbury, MA 01952. Id. at 1.

## Discussion

Federal venue law states, in pertinent part, that a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2).

According to the Complaint, Defendant resides in Massachusetts and all events giving rise to Ms. Crosson's claims occurred in Massachusetts.  Accordingly, venue is not proper in this court and the district judge should dismiss the case in its entirety, without prejudice, for improper venue.

## **Conclusion**

Based on the foregoing, the district judge should dismiss this case for improper venue, without prejudice to being refiled in an appropriate forum. The Clerk of Court should then enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 5, 2026

cc: Kimberly Crosson (Howes), pro se